Argued and submitted March 30, ballot titles certified April 13, 2000

Ken HECTOR,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General
for the State of Oregon,
*Respondent.*

(SC S47302, S47303)
(Consolidated for Argument and Opinion)

998 P2d 1268

Bruce A. Bishop, of Harrang Long Gary Rudnick PC, Salem, argued the cause and filed the petitions for petitioner. With him on the petitions was James E. Mountain, Jr., Salem.

Robert B. Rocklin, Assistant Attorney General, Salem, argued the cause and filed the answering memoranda for respondent. With him on the answering memoranda were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

PER CURIAM

**PER CURIAM**

These are two ballot title review proceedings brought under ORS 250.085(2). The proceedings, which have been consolidated for purposes of argument and opinion, concern the Attorney General's certified ballot titles for two closely related proposed initiative measures, denominated by the Secretary of State as Initiative Petition 137 and 138 (2000). Petitioner is an elector who timely submitted written comments to the Secretary of State concerning the content of the Attorney General's draft ballot title for each measure and who therefore is entitled to seek review in this court. *See* ORS 250.085(2) (stating that requirement). We review the Attorney General's certified ballot titles to determine whether they "substantially compl[y]" with the requirements of ORS 250.035 (1997).[1] *See* ORS 250.085(5) (setting out standard of review).

We have considered each of petitioner's arguments concerning the ballot titles certified by the Attorney General. We conclude that none establishes that the Attorney General's certified ballot titles fail to comply substantially with the standards for such ballot titles set out in ORS 250.035 (1997).

We certify to the Secretary of State the following ballot title for Initiative Petition 137:

CHANGES WORKERS' COMPENSATION LAWS
ON COMPENSABILITY, EMPLOYERS' DEFENSES,
MEDICAL CARE

---

[1] The 1999 Legislature amended ORS 250.035 in several respects. Or Laws 1999, ch 793, § 1. However, section 3 of that 1999 enactment provides, in part:

"(1) The amendments to ORS 250.035 by section 1 of this 1999 Act do not apply to any ballot title prepared for:

"(a) Any initiative petition that, if filed with the Secretary of State with the required number of signatures of qualified electors, will be submitted to the people at the general election held on the first Tuesday after the first Monday in November 2000[.]"

The present proposed measures are ones to which the 1999 act does not apply. We therefore apply the pertinent provisions of ORS 250.035 (1997).

RESULT OF "YES" VOTE: "Yes" vote changes some workers' compensation laws about claim compensability, employer defenses, treatment before acceptance.

RESULT OF "NO" VOTE: "No" vote retains current workers' compensation laws about claim compensability, employer defenses, treatment before acceptance.

SUMMARY: Currently, workers' compensation law disallows benefits when off-work activities or preexisting medical conditions are the "major contributing cause" of a worker's injury or illness. Measure requires benefits for such injuries and illnesses—and certain other claims—if work is a "material cause." Changes definitions for compensable permanent total disability claims. Permits employee lawsuits for certain supervisory actions and workplace conditions. Prohibits restrictions on medical treatment before final claim acceptance. Modifies "exclusive remedy" requirements for employers, workers. Indexes permanent partial disability benefits. Other provisions.

We certify to the Secretary of State the following ballot title for Initiative Petition 138:

## CHANGES WORKERS' COMPENSATION LAWS ON COMPENSABILITY, MEDICAL CARE; OTHER CHANGES

RESULT OF "YES" VOTE: "Yes" vote changes some workers' compensation laws about claim compensability, medical treatment before claim acceptance.

RESULT OF "NO" VOTE: "No" vote retains current workers' compensation laws about claim compensability, medical treatment before claim acceptance.

SUMMARY: Currently, workers' compensation law disallows benefits when off-work activities or preexisting medical conditions are the "major contributing cause" of a worker's injury or illness. Measure requires benefits for such injuries and illnesses—and certain other claims—if work is a "material cause." Changes definitions for compensable permanent total disability claims. Prohibits restrictions on medical treatment before final claim acceptance. Indexes permanent partial disability benefits. Other provisions.

Ballot titles certified. This decision shall become effective in accordance with ORAP 11.30(10).